Ahren A. Tiller (SBN: 250608)
ahren.tiller@blc-sd.com
Brett F. Bodie (SBN: 264452)
brett.bodie@blc-sd.com
Bankruptcy Law Center, APC
1230 Columbia St., Ste. 1100
San Diego, CA 92101
Telephone: (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for DAVID F. BROWN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DAVID F. BROWN,

       Plaintiff,

   vs.

CREDIT ONE BANK, N.A.,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
TRANSUNION, LLC, and
EQUIFAX INFORMATION
SERVICES, LLC

       Defendants.

CASE NO:    '16CV2056 L    BLM

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. §§ 1681 et. seq.**

**Jury Trial Demanded**

## INTRODUCTION

1. This is an action for damages brought by individual consumer DAVID F. BROWN (hereinafter "Plaintiff") against CREDIT ONE BANK, N.A. (hereinafter referred to individually as "Defendant CreditOne"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter referred to individually as "Defendant Experian"); TRANSUNION, LLC (herianfter referred to individually as "Defendant TransUnion"); and EQUIFAX INFORMATION SERVICES, LLC (hereinafter referred to individually as "Defendant Equifax"

and all Defendants hereinafter referred to collectively as "the Defendants") for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §§ 1681, *et seq*.

2. Congress determined the banking system is dependent upon fair and accurate credit reporting and that inaccurate credit reports directly impair the efficiency of the banking system and undermine the public confidence[1]. Congress' explicit purpose of enacting the FCRA was to require reasonable procedures for meeting the needs of consumer credit while doing so in a manner that is fair and equitable to consumers with regard to the confidentiality, accuracy, relevance, and proper utilization of such information[2].

3. Plaintiff makes the allegations contained herein on information and belief (except as to those allegations regarding himself, which are made on personal knowledge).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §§ 1681 *et. seq*.

5. Venue is proper in this District as the Plaintiff is and was at all times described herein, a natural person residing in the County of San Diego. Furthermore, the Defendants regularly conducted business within the County of San Diego, and the County of San Diego is where a substantial part of the Plaintiff's injuries occurred. Therefore, jurisdiction is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who, at all times relevant herein, resides in the

---

[1] 15 U.S.C. §1681(a)
[2] 15 U.S.C. §1681(b)

County of San Diego, State of California.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

8. Defendant CreditOne is a national banking association headquartered in Nevada that regularly conducts business in the State of California, County of San Diego.

9. Defendant CreditOne as part of its regular business practice reports information to various Consumer Reporting Agencies.  Therefore, Defendant CreditOne is a "Furnisher of Information" within the meaning of 15 U.S.C. §§ 1681, *et. seq.*

10. Defendant Experian is a nation-wide Credit Bureau that reports information regarding individual consumer credit files as part of its regular business practices.  Defendant Experian is headquartered in Costa Mesa, CA and regularly conducts business in the State of California, County of San Diego.

11. Defendant Experian is a "Consumer Reporting Agency" ("CRA") as that term is defined by 15 U.S.C. §1681a(f).

12. Defendant TransUnion is a nation-wide Credit Bureau that reports information regarding individual consumer credit files as part of its regular business practices.  Defendant TransUnion is headquartered in Chicago, IL and regularly conducts business in the State of California, County of San Diego.

13. Defendant TransUnion is a "Consumer Reporting Agency" ("CRA") as that term is defined by 15 U.S.C. §1681a(f).

14. Defendant Equifax is a nation-wide Credit Bureau that reports information regarding individual consumer credit files as part of its regular business practices.  Defendant Equifax is headquartered in Atlanta, GA and regularly conducts business in the State of California, County of San Diego.

15. Defendant Equifax is a "Consumer Reporting Agency" ("CRA") as that term is defined by 15 U.S.C. §1681a(f).

**GENERAL ALLEGATIONS**

16. Plaintiff realleges and incorporates by reference Paragraphs 1 through 15, inclusive, as if fully set forth.

17. On or about June of 2013, unbeknownst to Plaintiff at the time, CreditOne began reporting to all major CRAs that Plaintiff was liable for a credit card owed to CreditOne, with an approximate credit limit of $400.00 (hereinafter "Fraudulent Card").

18. On or about July of 2013, unbeknownst to Plaintiff at the time, CreditOne reported to all major CRAs that Plaintiff was 30 days delinquent on payments allegedly due on said Fraudulent Card.

19. From August of 2013 through August of 2014, unbeknownst to Plaintiff at the time, CreditOne reported to Defendant Experian, Defendant Equifax, and Defendant Transunion ("all major CRAs") that Plaintiff was current on payments allegedly due on the Fraudulent Card.

20. On or about September of 2014, unbeknownst to Plaintiff at the time, CreditOne reported to all major CRAs that Plaintiff was 30 days delinquent on payments allegedly due on said Fraudulent Card.

21. On or about October of 2014, unbeknownst to Plaintiff at the time, CreditOne reported to all major CRAs that that Plaintiff's was 60 days delinquent on payments allegedly due on the Fraudulent Card.

22. On or about November of 2014, unbeknownst to Plaintiff at the time, CreditOne reported to all major CRAs that that Plaintiff was 90 days delinquent on payments allegedly due on the Fraudulent Card.

23. On or about December of 2014, unbeknownst to Plaintiff at the time, CreditOne reported to all major CRAs that that Plaintiff was 120 days delinquent on payments allegedly due on the Fraudulent Card.

24. On or about January of 2015, unbeknownst to Plaintiff at the time, CreditOne reported to all major CRAs that that Plaintiff was 150 days delinquent on

payments allegedly due on the Fraudulent Card.

25. On or about February of 2015, unbeknownst to Plaintiff at the time, CreditOne reported to all major CRAs that that Plaintiff was 180 days delinquent on payments allegedly due on the Fraudulent Card.

26. On or about March of 2015, unbeknownst to Plaintiff at the time, CreditOne reported to all major CRAs that that as a result of Plaintiff's alleged delinquency exceeding 180 days on payments due on the Fraudulent Card, that the subject Fraudulent Card account was "charged off" by CreditOne.

27. At some point after internally charging off the alleged debt owed under the Fraudulent Card, CreditOne sold the alleged debt owed from the Fraudulent Card to LVNV Funding, LLC.

28. From March of 2015 and continuing through May of 2016, unbeknownst to Plaintiff at the time, CreditOne reported to all major CRAs that Plaintiff's alleged debt owed on the Fraudulent Card was "charged off" and that the unpaid charged off amount was $874.00.

29. On July 7, 2015, unbeknownst to Plaintiff at the time, LVNV filed suit against Plaintiff (hereinafter "Collection Complaint") in the Superior Court of California, County of San Diego, with case no. 37-2015-00022908-CL-CL-NC alleging breach of contract by Plaintiff (hereinafter "Collection Suit").

30. On or about February 2016, Plaintiff first became aware of the Fraudulent Card and alleged debt owed to CreditOne as a result of marketing materials sent to Plaintiff by third party attorneys regarding the Collection Suit.

31. Plaintiff never incurred, nor authorized anyone to incur, a debt to CreditOne, N.A., or any related entity, that could form a basis for the Fraudulent Card.

32. On or about February 2016, Plaintiff immediately contacted LVNV's Counsel Johnson Mark, LLP (hereinafter "JM LLP") by telephone and was informed that JM LLP had been retained on behalf of LVNV to collect on a charged-off claim for a revolving credit card account allegedly originally owed to CreditOne.

5

Plaintiff insisted he had never taken out any such credit card and that the account was an error on behalf of CreditOne and LVNV, but the JM LLP representative stated only that their records indicated the account was Plaintiff's and JM LLP's agent refused to take any corrective action.

33. On May 31, 2016, Plaintiff initiated separate disputes of the Fraudulent Card account being reported by CreditOne through Experian's, TransUnion's, and Equifax's online dispute portals wherein he disputed the validity of CreditOne's claim and explained that CreditOne was reporting an alleged debt improperly as Plaintiff had never incurred any debt to CreditOne or any related entity (hereinafter referred to as "CRA Disputes").

34. On or about May 31, 2016, Experian, TransUnion, and Equifax each sent a Consumer Dispute Verification request to CreditOne as required by 15 U.S.C. §1681(i).

35. On June 19, 2016, TransUnion informed Plaintiff that Plaintiff's CRA Dispute was completed.  The results of the TransUnion CRA Dispute showed that neither CreditOne nor TransUnion deleted or removed the unlawful and incorrect information reported on Plaintiff's TransUnion credit report regarding the Fraudulent Card.

36. On June 29, 2016, Equifax informed Plaintiff that Plaintiff's CRA Dispute was completed.  The results of the Equifax CRA Dispute showed that neither CreditOne nor Equifax deleted or removed the unlawful and incorrect information reported on Plaintiff's Equifax credit report regarding the Fraudulent Card.

37. On July 6, 2016, Experian informed Plaintiff that Plaintiff's Dispute was completed.  The results of the Experian CRA Dispute showed that neither CreditOne nor Experian deleted or removed the unlawful and incorrect information reported on Plaintiff's Experian credit report regarding the Fraudulent Card.

6

38. Despite receipt and knowledge of Plaintiff's CRA Disputes and that they were furnishing incorrect information for a debt not owed by Plaintiff, the Defendants all are still willfully misreporting the "Charged Off" Fraudulent Card on Plaintiff's the major CRA credit reports.

39. Defendants' joint failures to conduct reasonable investigations of Plaintiff's CRA Disputes caused Plaintiff emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

40. The inaccurate information furnished by Defendants negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility, and Plaintiff's credit worthiness.

41. As a result of the inaccurate and unlawful information reported on Plaintiff's Experian credit report, Plaintiff has been denied credit and has been offered credit at higher interest rates than he otherwise would have been able to obtain but for Defendants' unlawful conduct.  As a result, Plaintiff has suffered economic damages from lost opportunities to borrow, and in other instances has paid more interest than he should have as a direct result of the Defendants conduct.

42. Plaintiff's "credit report" as referenced above was a "consumer report" as that term is defined by 15 U.S.C. §1681a(d).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION AS TO CREDITONE
### VIOLATIONS OF 15 U.S.C. §1681n – WILLFUL NONCOMPLIANCE
### WITH THE FAIR CREDIT REPORTING ACT

43. Plaintiff realleges and incorporates by reference Paragraphs 1 through 42, inclusive, as if fully set forth.

44. 15 U.S.C. §1681s-2(b)(1) provides that after receiving notice of a dispute with

7

regards to the completeness or accuracy of any information, the person receiving notice shall conduct an investigation with respect to the disputed information, review the consumer's dispute, and either verify that the information being reported is accurate, or if the information cannot be verified, modify, delete, or permanently block the reporting of the disputed item.

45. Upon being notified of a Consumer Dispute Verification request by Experian, TransUnion, and Equifax, CreditOne failed to conduct a reasonable investigation into Plaintiff's Dispute.

46. By failing to properly modify, delete, or block the reporting of the inaccurate and unlawful false negative information regarding the Fraudulent Card, CreditOne violated 15 U.S.C. §1681sd-2(b)(1).

47. 15 U.S.C. §1681n provides for civil liability for any party that willfully fails to comply with the provisions of 15 U.S.C. §§ 1681 *et. seq.*

48. CreditOne had actual knowledge from Plaintiff provided through his CRA Disputes that the information provided to Experian, TransUnion, and Equifax by CreditOne regarding the Fraudulent Card was inaccurate. Despite this, CreditOne willfully failed to conduct a reasonable investigation and did not delete, modify, or block its incorrect and unlawful information regarding the Fraudulent Card. As such, CreditOne is liable to Plaintiff pursuant to 15 U.S.C. §1681n.

## SECOND CAUSE OF ACTION AS TO CREDITONE
## VIOLATIONS OF 15 U.S.C. §1681o – NEGLIGENT NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT

49. Plaintiff realleges and incorporates by reference Paragraphs 1 through 48, inclusive, as if fully set forth.

50. 15 U.S.C. §1681s-2(b)(1) provides that after receiving notice of a dispute with regard to the completeness or accuracy of any information, the person receiving

8

notice shall conduct an investigation with respect to the disputed information, review the consumer's dispute, and either verify that the information being reported is accurate, or if the information cannot be verified, modify, delete, or permanently block the reporting of the disputed item.

51. Upon being notified of a Consumer Dispute Verification request by Experian, TransUnion, and Equifax, CreditOne failed to conduct a reasonable investigation into Plaintiff's CRA Disputes.

52. By failing to properly modify, delete, or block the reporting of the inaccurate and unlawful false negative information regarding the Fraudulent Card, CreditOne violated 15 U.S.C. §1681s-2(b)(1).

53. 15 U.S.C. §1681(o) provides for civil liability for any party that is negligent in failing to comply with the provisions of 15 U.S.C. §§ 1681 *et. seq.*

54. CreditOne had notice from Plaintiff provided through his Dispute that the information provided to Experian, TransUnion, and Equifax by CreditOne regarding the Fraudulent Card was inaccurate. Despite this, CreditOne failed to conduct a reasonable investigation and did not delete, modify, or block its incorrect and unlawful information regarding the Fraudulent Card. As such, CreditOne is liable to Plaintiff pursuant to 15 U.S.C. §1681o.

**THIRD CAUSE OF ACTION AS TO EXPERIAN, TRANSUNION, AND EQUIFAX**

**VIOLATIONS OF 15 U.S.C. §1681n – WILLFUL NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT**

55. Plaintiff realleges and incorporates by reference Paragraphs 1 through 54, inclusive, as if fully set forth.

56. 15 U.S.C. §1681i(a)(1) requires any CRA to conduct a reasonable reinvestigation of the accuracy of any record being reported when a consumer

notifies any CRA that the consumer disputes an item being reported.

57. 15 U.S.C. §1681i(a)(4) requires any CRA review and consider all relevant information submitted by a consumer when the consumer disputes an item being reported.

58. 15 U.S.C. §1681i(a)(5) requires any CRA to promptly delete an item of information from a consumer report, or modify the information as appropriate if the item is found to be inaccurate or incomplete or cannot be verified.

59. 15 U.S.C. §1681(e)(b) requires any CRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

60. When Plaintiff noticed Experian, TransUnion, and Equifax of his CRA Disputes, he provided Experian, TransUnion, and Equifax with actual notice that the information being reported by Experian, TransUnion, and Equifax regarding the Fraudulent Card was inaccurate and should be deleted.

61. Experian, TransUnion, and Equifax all did not delete or modify the information on Plaintiff's credit reports regarding the Fraudulent Card, and Experian, TransUnion, and Equifax are all still to date reporting the inaccurate information.

62. By willfully failing to delete or modify the information being reported on Plaintiff's credit report regarding the Fraudulent Card, Experian, TransUnion, and Equifax violated 15 U.S.C. §1681i.  As such, Experian, TransUnion, and Equifax are liable to Plaintiff pursuant to 15 U.S.C. §1681n.

63. The inability of Experian, TransUnion, and Equifax to delete or modify the incorrect information being reported on Plaintiff's credit report regarding the Fraudulent Card after being specifically noticed of the inaccuracies by Plaintiff through the CRA Disputes, was a result of their willful failure to establish and follow reasonable procedures to assure accuracy in the preparation of Plaintiff's credit report in violation of 15 U.S.C. §1681(e)(b).  As a direct result of

Defendant Experian, Defendant Equifax, and Defendant Transunion's aforementioned unlawful conduct, Plaintiff has suffered actual damages in an amount to proven at trial.   As such, Experian, TransUnion, and Equifax are all jointly and severally liable to Plaintiff pursuant to 15 U.S.C. §1681n.

**FOURTH CAUSE OF ACTION AS TO EXPERIAN, TRANSUNION, AND EQUIFAX**

**VIOLATIONS OF 15 U.S.C. §1681o – NEGLIGENT NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT**

64. Plaintiff realleges and incorporates by reference Paragraphs 1 through 63, inclusive, as if fully set forth.

65. 15 U.S.C. §1681i(a)(1) requires any CRA to conduct a reasonable reinvestigation of the accuracy of any record being reported when a consumer notifies any CRA that the consumer disputes an item being reported.

66. 15 U.S.C. §1681i(a)(4) requires any CRA review and consider all relevant information submitted by a consumer when the consumer disputes an item being reported.

67. 15 U.S.C. §1681i(a)(5) requires any CRA to promptly delete an item of information from a consumer report, or modify the information as appropriate if the item is found to be inaccurate or incomplete or cannot be verified.

68. 15 U.S.C. §1681(e)(b) requires any CRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

69. When Plaintiff noticed Defendant Experian, Defendant TransUnion, and Defendant Equifax of his CRA Disputes, he provided the Defendants with actual notice that the information being reported by Experian, TransUnion, and Equifax regarding the Fraudulent Card was inaccurate and should be deleted.

11

70. Experian, TransUnion, and Equifax all did not delete or modify the information on Plaintiff's credit reports regarding the Fraudulent Card, and Experian, TransUnion, and Equifax are all still to date reporting the inaccurate information.

71. By failing to exercise due care, Defendant Experian, Defendant Transunion, and Defendant Equifax negligently failed to delete or modify the information being reported on Plaintiff's credit report regarding the Fraudulent Card. Therefore, Experian, TransUnion, and Equifax violated 15 U.S.C. §1681i. As such, Experian, TransUnion, and Equifax are jointly and severally liable to Plaintiff pursuant to 15 U.S.C. §1681o.

72. The inability of Experian, TransUnion, and Equifax to delete or modify the incorrect information being reported on Plaintiff's credit report regarding the Fraudulent Card after being specifically noticed of the inaccuracies by Plaintiff through the Disputes, was a result of their negligent failure to establish and follow reasonable procedures to assure accuracy in the preparation of Plaintiff's credit report in violation of 15 U.S.C. §1681(e)(b).

73. As a direct result of Defendant Experian, Defendant Equifax, and Defendant Transunion's negligence, Plaintiff has suffered actual damages in an amount to proven at trial. As such, Experian, TransUnion, and Equifax are liable to Plaintiff pursuant to 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants herein, respectfully request this Court enter a Judgment against Defendants as follows:

1. An award of actual damages subject to proof at trial against Defendant CreditOne pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

2. An award of punitive damages subject to proof at trial against Defendant CreditOne pursuant to 15 U.S.C. §1681n(a)(2);

3. An award of attorney's fees and costs of suit against Defendant CreditOne pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(b);

4. An award of actual damages subject to proof at trial against Defendants Experian, TransUnion, and Equifax pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

5. An award of punitive damages subject to proof at trial against Defendants Experian, TransUnion, and Equifax pursuant to 15 U.S.C. §1681n(a)(2);

6. An award of attorney's fees and costs of suit against Defendants Experian, TransUnion, and Equifax pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(b);

7. Injunctive relief in the form of an order requiring the Defendant to remove all incorrect information regarding the Fraudulent Card from Plaintiff's Experian, TransUnion, and Equifax credit reports; and

8. For such further relief as this Court may deem just and proper.


Bankruptcy Law Center, APC


Dated: August 15, 2016                    By:  /s/ Ahren A. Tiller
                                               Ahren A. Tiller
                                               Attorneys for Plaintiff
                                               David F. Brown

13

1

## DEMAND FOR JURY TRIAL

2

3      Pursuant to the Seventh Amendment to the Constitution of the United States

4  of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable

5  by a jury.

6

7  Dated: August 10, 2016                    Bankruptcy Law Center, APC

8                                    By:    /s/ Ahren A. Tiller
                                          Ahren A. Tiller
9                                          Attorneys for Plaintiff
                                          David F. Brown
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| DAVID F. BROWN, Individual | CREDIT ONE BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC, and EQUIFAX INFORMATION SERVICES, LLC |

**(b)**  County of Residence of First Listed Plaintiff    San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Bankruptcy Law Center, APC
1230 Columbia St. Suite 1100, San Diego, CA 92101
619-894-8831

Attorneys *(If Known)*

'16CV2056 L    BLM

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☒ 480 Consumer Credit |
| | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1681, et. seq.
Brief description of cause:
Negligent and Willful Violations of Fair Credit Reporting Act (15 U.S.C. sections 1681n and 1681o)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
08/15/2016

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ahren A. Tiller

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____